**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy Wallace,<br><br>   Plaintiff,<br><br>v.<br><br>Lockheed Martin Corporation,<br><br>   Defendant. | No. CV-18-0463-PHX-DGC<br><br>**ORDER** |

On May 14, 2019, the Court granted partial summary judgment in favor of Defendant Lockheed Martin Corporation ("LMC"). Doc. 34. Plaintiff Stacy Wallace has now filed a motion to reconsider her termination-related claims for interference and retaliation under the Family and Medical Leave Act ("FMLA"). Doc. 35. At the Court's request, LMC filed a response. Doc. 42. The Court will correct a factual error and otherwise deny the motion.

**I. Reconsideration Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Such motions should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

## II. Discussion.

### 1. Factual Error.

Wallace argues that the Court erred in stating that she did not apply for non-leadership positions outside Luke Air Force Base. Wallace is correct. The Court did state that Wallace did not apply for such positions (Doc. 34 at 4), and she has pointed to evidence in the record that she did in fact apply (Doc. 35 at 1-2). LMC concedes that this error was included in its briefing, but argues that the error did not affect the Court's decision. Doc. 42 at 4.

The Court ruled that LMC did not violate the FMLA when it failed to reinstate Wallace and terminated her employment. This ruling was based on the fact that LMC presented legitimate reasons for her termination. Doc. 34 at 7. Specifically, LMC presented undisputed evidence that Wallace violated LMC's ethics policies when she had inappropriate affairs with her supervisor and a client before she took FMLA leave. *Id.* These ethics violations were established through an internal LMC investigation, and Wallace admits the conduct underlying the violations. *Id.* Thus, even though Wallace's right to FMLA leave and LMC's failure to reinstate her may have created a prima facie case of an FMLA violation, *see Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011), LMC's undisputed legitimate reasons for terminating her overcame her prima facie case and entitled LMC to summary judgment on this claim, *id.* at 780-81 (the FMLA requires that an employer reinstate an employee after taking leave only so long as the employee would still be employed in the position had she not taken FMLA leave); *see also Valtierra v. Medtronic Inc.*, 232 F. Supp. 3d 1117, 1128 (D. Ariz. 2017) (finding temporal proximity insufficient to support FMLA interference claim in the face of misconduct evidence); *Fleming v. IASIS Healthcare Corp.*, 151 F. Supp. 3d 1043, 1055 (D. Ariz. 2015) (finding that even after requesting FMLA leave an employee can be discharged for misconduct in violation of company policies).

The Court did not base its decision on the incorrect fact that Wallace failed to apply for non-leadership positions at locations other than Luke Air Force Base. Wallace suggests

that her applications and rejections somehow show that her termination was inappropriate, but the evidence she submitted shows only that she applied for other positions; it does not show that she was qualified for the positions or why she was not hired. Doc. 23-2 at 8-15. Wallace does state in her affidavit that "part of the problem" was that LMC placed a negative report against her security clearance (Doc. 23-1 at 6), but she does not dispute that the negative report resulted from the ethics violations, the bases for which Wallace admits.

The Court will grant the motion for reconsideration to the extent that it will correct the factual error contained in its previous order – Wallace did apply for non-leadership positions at locations other than Luke Air Force Base. But this corrected fact does not alter the Court's conclusion that LMC provided legitimate, undisputed reasons for terminating her employment. The Court therefore will deny the motion to the extent it seeks a different outcome on summary judgment.[1]

**2. Newly Discovered Evidence.**

Wallace next argues that an LMC letter to the EEOC shows that its ethics investigation "made no final conclusion" regarding her retracted sexual assault allegations against an LMC client. Doc. 35 at 2. She therefore asserts that this allegation could not have served as a legitimate basis for her termination, contrary to LMC's position on summary judgment. *Id*. at 4.

The Court did not find in its previous order that the LMC ethics investigation found a violation based on the false rape accusation. Rather, it found that the ethics investigation based its violation finding on Wallace's two inappropriate affairs. *See* Doc. 34 at 3 ("In early March, the Ethics Department found that the allegations regarding Wallace's romantic relationships with Crowley and the LMC client were true and violated LMC policy."). The Court did discuss the false rape allegation and the fact that it was made by Wallace and then retracted. *Id.* at 7. It noted that Wallace does not dispute these facts, and

---

[1] Wallace also argues that "LMC carefully curated a timeline to 'outlast' the Ninth Circuit's usual timeframe for temporal proximity analysis." Doc. 35 at 4. This is a new argument that is not proper on a motion for reconsideration. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

found them also to be a legitimate basis for her termination. *Id.* To the extent Wallace now suggests that the false allegation could not constitute a legitimate basis for her termination because it was never included in the formal findings of the ethics investigation, the Court does not agree. Wallace does not dispute that she made the false allegation. *Id.* But even if the false allegation is disregarded, LMC had two other established ethics violations – Wallace's two affairs – as legitimate, undisputed reasons for her termination. This issue provides no basis for reconsideration.

**ORDERED** that Plaintiff's motion (Doc. 35) is **granted in part and denied in part** as set forth above.

Dated this 18th day of June, 2019.

*David G. Campbell*
_____
David G. Campbell
Senior United States District Judge